IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
2010 MAR 22 AM 11:07
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

**VENEL DUMAS**
Petitioner,

v.

**UNITED STATES OF AMERICA,**
Respondent.

**CIVIL NO. 06-2206 (PG)**

## OPINION AND ORDER

Petitioner Venel Dumas (hereinafter, "Petitioner" or "Petitioner Venel Dumas") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence. (D.E. # 1). The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255. (D.E.# 7). For the reasons stated below, Petitioner Venel Dumas' motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

Petitioner, along with two (8) co-defendants, was the subject of a Two (2) Count Indictment rendered on March 2, 2005, in Cr. No. 05-066. (D.E. # 34). Count One charged a conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, that is approximately nine-hundred eighteen (918) kilograms (gross weight) of cocaine, in violation of 46 U.S.C. Sections 1903 (a)(c)(1)(C) and (f), and 18 U.S.C. Section 2. Count Two charged aiding and abetting in the possession with intent to distribute five (5) kilograms or more of cocaine, that is approximately nine-hundred eighteen (918) kilograms (gross weight) of cocaine, in violation of 46 U.S.C. Sections 1903 (a)(c)(1)(C) and (f), and 18 U.S.C. Section 2.

On February 13, 2006, petitioner pled guilty to Counts One and Two pursuant to a plea agreement entered under the provisions of Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

Civil No. 06-2206 (PG)                                                                                                   Page 2

(D.E. # 203). According to the terms of the plea agreement, Petitioner's base level offense was determined at thirty-four (34) since he was held accountable for an excess of one hundred-fifty (150) kilograms of cocaine with a mitigating role adjustment under U.S.S.G. Sections 2D1.1(a)(3) and 3B1.2. The parties also stipulated that Petitioner had a minimal role in the offense, and a four (4) level reduction was warranted. In addition, the parties agreed to an additional three (3) level reduction for acceptance of responsibility.

The plea agreement stipulated that if Petitioner met the "safety valve" requirements, pursuant to U.S.S.G. Section 5C1.2, an additional two (2) level reduction would be applied.[1] Assuming a total adjusted offense level of twenty-five (25) and a Criminal History Category of one (1). The parties reserved the right to argue for the lower and higher end of the guideline range of sentence. Petitioner signed and adopted the statement of facts attached to the plea agreement. There, Petitioner acknowledged that he "assisted in the loading and concealing of the cocaine aboard the M/V Babouth." (D.E. # 203).

The sentencing hearing was held on May 19, 2006. (D.E. # 290). The Court adopted all of the PSI's guideline calculations and determined that Petitioner had met the safety valve requirements. Therefore, with a total adjusted offense level of twenty five (25) and a Criminal History Category of One (1), the Court imposed a term of imprisonment of fifty-seven (57) months. (D.E. # 303). Concurrent supervised release terms of five (5) years and a special monetary assessment of two hundred dollars ($200.00) were also imposed. Judgment was entered on June 2, 2006, and no direct appeal was filed. (D.E. # 303). Defendant Dumas' petition for relief pursuant to section 2255 was entered on December 4, 2006.

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner Dumas claims that Counsel was ineffective

---

[1] Should petitioner meet the safety valve requisites, the applicable guideline imprisonment range would be from fifty seven to seventy one (57-71) months.

for failing to explain or discuss the plea agreement to him. Petitioner alleges that he did not participate in the loading and /or concealment of the narcotics on board of the M/V Babouth, and claims that he was led to believe that the negotiated term of imprisonment was forty-eight (48) months.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir.1991) (citation omitted), cert. denied, 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed. 2d 148 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient, and that the deficiency prejudiced the defense. Strickland, 466 U.S. 668, 687 (1984). In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. In order to show prejudice, a petitioner must establish that "there is a reasonable probability that , but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694.

The Strickland test applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52 (1985). To meet the first part of the Strickland test a counseled guilty plea must be based on advise which is within the range of competence demanded of attorney's in criminal cases. Hill, 474 U.S. at 56. A guilty plea is valid only if it is based on a voluntary and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25 (1970). In the scenario of a plea agreement the Strickland requirement of prejudice is met if there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have proceeded to trial. Hill, 474 U.S. at 59. A defendant who pleads guilty upon advise of

Civil No. 06-2206 (PG)                                                                                   Page 4

counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advise he received from counsel was not within the range of competence demanded of attorneys in criminal cases." Lockhart at 56.

Petitioner's claim of ineffective assistance of counsel for failing to explain or discuss the plea agreement is contrary to the record:

THE COURT: And you're here to change your plea of not guilty to one of guilty.

DEFENDANT VENEL DUMAS: I agree that I am guilty.

THE COURT: And you know what you have been charged with?

DEFENDANT VENEL DUMAS: Yes.

THE COURT: Have you had enough time to consult with your attorney before this morning?

DEFENDANT VENEL DUMAS: Yes, I spoke with him.

THE COURT: Are you satisfied with his services up to now?

DEFENDANT VENEL DUMAS: Yes.

(C.O.P. Tr., pp. 4-5).

THE COURT: Having told you the rights that you have under the laws of the United States and that by pleading guilty you are waiving all these rights, do you still wish to go ahead and plead guilty in this case?

DEFENDANT VENEL DUMAS: I agree that I am guilty.

C.O.P. Tr., p. 7).

THE COURT: Each one of you is charged in Count One that on or about January 31, 2005, to February 7, 2005, on the high seas on board the Motor Vessel Babouth, which was a vessel flying the flag of the nation of Honduras, became subject to the jurisdiction of the United States, because the Nation of Honduras consented or waived objection for the United States Coast Guard to board that vessel. And at that time, both of you, together with seven other individuals, were conspiring knowingly, intentionally, and unlawfully to possess with intent to distribute in excess of five kilograms of cocaine,

Civil No. 06-2206 (PG)                                        Page 5

that is, 918 kilograms, contained in 35 bales that were hidden within the vessel; and the District of Puerto Rico was the first point of entry; and you come into the United States following the commission of the offense.

And in Count 2 each one is charged that from on or about starting on January 31, 2005, up to February 7, 2005, on the high seas on board a Vessel Babouth, which was flying the flag of the nation of Honduras, Honduras consented or waived objection for the United States to board the vessel and enforce the laws of the United States; and at that time, both of you and seven other individuals aiding and abetting each other, knowingly and intentionally and unlawfully possessed with intent to distribute five kilograms–more than five kilograms–approximately 918 kilograms of cocaine, and Puerto Rico was the first point of entry into the United States; after the commission of the offense.

That is what each of you is charged in this case. And I ask you: Is that what each one of you did?

DEFENDANT VENEL DUMAS: Yes...

That is what each one of you is pleading guilty to this morning?

DEFENDANT VENEL DUMAS: Yes.

(C.O.P.) Tr., 16-17).

In the present case, the record indicates that Petitioner had discussed the case with Counsel[2]. There is no indication that he did not understand what he was pleading guilty to. On the contrary, he repeatedly accepted his guilt. The agreement was accepted by Petitioner knowingly and voluntarily.

As to Petitioner's allegation that he believed he was agreeing to an imprisonment term of forty-eight (48) months, the record also reflects that Petitioner was aware that the stipulated term of imprisonment was fifty seven (57) months:

THE COURT: I'm sure your attorneys have told you that based on the agreement you have with the

---

[2] Counsel also acknowledged having received discovery and discussing the evidence with Petitioner. (C.O.P. Tr., pp. 18-19).

Civil No. 06-2206 (PG)                                                                                                                               Page 6

government, at the time of sentence your attorney will request that you be sentenced to the lower end of the guideline range of fifty-seven (57) months. Do you understand that?

DEFENDANT VENEL DUMAS: Yes, thank you.

THE COURT: But do you know for a fact what specific sentence I will impose?

DEFENDANT VENEL DUMAS: No.

(C.O.P. Tr., p. 10).

THE COURT: ...And with level twenty five (25) and no prior criminal history, then the guideline would be fifty-seven to seventy-one (57-71) months.

Now the government is not going to object that when I sentence you, your attorneys request that I sentence you to the lower end of that range of fifty-seven (57) months? Do you understand that?

BOTH DEFENDANTS: Yes.

(C.O.P. Tr., p.12).

The record does not support Petitioner's claims of ineffective assistance of counsel for failing to discuss or explain the plea. On the contrary, Counsel was able to negotiate a plea agreement that reduced Petitioner's exposure to a greater sentence. The plea agreement relieved Petitioner from being exposed to a statutory minimum imprisonment term of ten (10) years. Since Petitioner has not shown that Counsel's performance was deficient nor prejudiced, his claim of ineffective assistance of counsel fails.

Finally, Petitioner's claim that he did not participate in the loading and concealment of the narcotics is also contrary to the record. As mentioned earlier, Petitioner signed and adopted the statement of facts attached to the Plea Agreement. (D.E. # 203 ). There, Petitioner acknowledged that "he assisted in the loading and concealing of the cocaine aboard the M/V Babouth." Thus, "a defendant should not be

Civil No. 06-2206 (PG)            Page 7

heard to controvert his Rule 11 statements in a subsequent section 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statements." Walker v. Johnson, 312 U.S. 275, 286 (1941). Inasmuch as a major purpose behind the Rule 11 inquiry is to promote the finality of litigation, Petitioner has the burden of coming forward with reasons to show why the prior testimony given under oath was not accurate. Panzardi-Alvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989). The Court "will not permit a defendant to turn his back on representations to the court merely because it would suit his convenience to do so." United States v. Parrilla Tirado, 22 F.3d 368, 373 (1st Cir. 1994).

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **VENEL DUMAS** is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner **VENEL DUMAS'** request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of March, 2010.

_____
**JUAN M. PEREZ-GIMENEZ**
Senior United States District Judge